# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATRICK L. KENNEDY,

        Petitioner,      :      Case No. 3:14-cv-115

  - vs -                               District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,
Lebanon Correctional Institution,

                                       :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Patrick L. Kennedy under 28 U.S.C. § 2254.  Kennedy seeks release from his life sentences on two counts of rape of a child under ten and concurrent sentences for gross sexual imposition of a child under thirteen.  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Kennedy was convicted on his plea of no contest. (Petition, Doc. No. 1, § 6, PageID 1.) He appealed and the conviction was affirmed.  *State v. Kennedy*, 2013-Ohio-4243, 2013 Ohio App. LEXIS 4465 (2nd Dist. Sept. 27, 2013).  The Ohio Supreme Court declined jurisdiction over a subsequent appeal.  *State v. Kennedy*, 137 Ohio St. 3d 1477 (2014). This timely habeas corpus Petition followed.

Kennedy pleads the following Grounds for Relief:

> G**round One:**  The Petitioner was given to understand that he might reasonably expect benefits in the nature of more lenient treatment at the hands of the police, prosecution or court in consideration of making a statement, even a truthful one, such motivation is deemed to render the statement involuntary and inadmissible.
>
> **Ground Two:**  It appears from the record that before sentencing defense counsel asked for a continuance and ask [sic] to withdraw as counsel.  On March 25, 2012, new counsel was appointed to Kennedy.  A motion to withdraw plea was then filed by new counsel on April 17, 2012.  A presentence motion to withdraw a plea should be freely and liberally granted.

(Petition, Doc. No. 1.)

## Analysis

**Ground One:  Failure to Suppress Confession**

In his First Ground for Relief, Kennedy raises the same claim he made in his First Assignment of Error on direct appeal.  The Second District decided that claim against him, writing as follows:

> **A.** *Miranda*
>
> **[*P23]** The trial court concluded that Kennedy voluntarily, knowingly, and intelligently waived his *Miranda* rights after the detectives explained the rights and Kennedy acknowledged that he understood his rights. We agree.
>
> **[*P24]** The tone of the conversations between the detectives and Kennedy was cordial until shortly before Kennedy terminated the interview. Kennedy told the detectives he was a college student. He also had prior experience with the criminal justice system and was familiar with *Miranda* rights. Kennedy was not under the

2

influence of drugs or alcohol. In addition, Kennedy was informed by Detective Dix that he had been accused of rape prior to waiving his rights, and this accusation was written on the form. Furthermore, after Dix read Kennedy each of the rights, Kennedy verbally indicated that he understood, and he then initialed the form after each right as another indication of his understanding. Kennedy read the waiver portion aloud, indicated he understood his rights, and expressed his willingness to waive his rights and speak with the detectives.

[*P25] There is no indication of coercion, or that Kennedy's will was overborne, or that his capacity for self-determination was critically impaired because of coercive police conduct.

### B. Voluntariness

[*P26] Kennedy claims that his confessions were involuntary due to coercion in the form of promises of "leniency or benefit." *State v. Arrington*, 14 Ohio App.3d 111, 14 Ohio B. 125, 470 N.E.2d 211 (6th Dist.1984), paragraph two of the syllabus. Kennedy notes that this court has recognized that "[p]romises or suggestions of leniency in exchange for waiving the Fifth Amendment privilege create a *flattery of hope*, which is made even more powerful by the *torture of fear* that accompany threats of punishment induced in the mind of the accused." (Emphasis sic.) *State v. Petitjean*, 140 Ohio App. 3d 517, 528, 748 N.E.2d 133 (2d Dist.2000).

[*P27] Although there are cases where false promises of leniency can be coercive when leveraged against the possible punishment, such facts are not present here. The detectives told Kennedy twice that his case was going to end up in court, and they made no misrepresentations of law or offers constituting a reduction in sentence or charges. After Kennedy confessed verbally, he asked Detective Dix if he could get counseling. Detective Dix answered that there were "plenty of systems to get help". Kennedy's written confession which followed, added no substantial incrimination beyond the prior confession.

[*P28] Although the detectives misrepresented to Kennedy that they had spoken with the other girls, the use of deception does not make an interview coercive and does not necessarily violate due process. *State v. Steele*, Slip Op. No. 2013-Ohio-2470, N.E.2d , ¶ 22, citing *State v. Wiles*, 59 Ohio St.3d 71, 81, 571 N.E. 2d 97 (1991).

[*P29] In considering motions to suppress we defer to the trial

3

> court's findings of fact. When a trial court rules on motions to suppress, it "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994), citing *State v. Clay*, 34 Ohio St.2d 250, 298 N.E.2d 137 (1973). As a result, when we review suppression decisions, "we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.* at 592-593.
>
> **[\*P30]** The facts of this case, as determined by the trial court, do not include threats, improper promises, or inducements as alleged by Kennedy. Furthermore, we have viewed Kennedy's interview and conclude that the factual findings of the trial court are supported by the record. We agree with the trial court that Kennedy's *Miranda* waiver was valid, and the totality of the circumstances support the voluntariness of Kennedy's statements to the police.
>
> **[\*P31]** For the foregoing reasons, we overrule the First Assignment of Error.

*State v. Kennedy*, 2013-Ohio-4243, 2013 Ohio App. LEXIS 4465 (2nd Dist. Sept. 27, 2013).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In this case the interview in which Kennedy made his admissions was recorded and the recording was reviewed by the court of appeals. *Kennedy*, 2013-Ohio-4243 at ¶ 30. In reviewing the evidence, the Second District applied the relevant Supreme Court precedent, *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

In *Garner v. Mitchell*, the Sixth Circuit summarized the federal law governing federal habeas corpus claims arising out of the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), as follows:

> [A habeas petitioner] has the burden of establishing that, under the totality of the circumstances, he did not knowingly and intelligently waive his rights before speaking to the police. *Clark v. Mitchell*, 425 F.3d 270, 283 (6th Cir. 2005). "We are also mindful that in a habeas proceeding the petitioner 'has the burden of establishing his right to federal habeas relief . . . .'" *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). Under this inquiry, we examine "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Edwards v. Arizona*, 451 U.S. 477, 482 (1981). The relevant question is not whether the "criminal suspect [knew] and [understood] every possible consequence of a waiver of the Fifth Amendment privilege," but rather whether the "suspect [knew] that he [could] choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." *Colorado v. Spring*, 479 U.S. 564, 574 (1987).
> . . .
>
> It is well-established [sic], in this circuit and others, that mental capacity is one of many factors to be considered in the totality of the circumstances analysis regarding whether a *Miranda* waiver was knowing and intelligent. Thus, diminished mental capacity alone does not prevent a defendant from validly waiving his or her *Miranda* rights. [Citations omitted.] Rather, that factor must be viewed alongside other factors, including evidence of the defendant's conduct during, and leading up to the interrogation.

*Garner v. Mitchell*, 557 F.3d 257, 260-61, 264 (6th Cir. 2009) (parallel citations omitted.) The court explained that the original purpose of the *Miranda* decision was to "'reduce the likelihood that the suspects would fall victim to constitutionally impermissible practices of police interrogation.'" *Id*. at 262, *quoting New York v. Quarles*, 467 U.S. 649, 656 (1984). As the Seventh Circuit Court of Appeals has explained:

> The relevant constitutional principles are aimed not at protecting

5

>people from themselves but at curbing the abusive practices by public officers . . . . [T]he knowledge of the police is vital. If they have no reason . . . to think that the suspect doesn't understand them, there is nothing that smacks of abusive behavior. It would seem to follow that the question is not whether if [a defendant] were more intelligent, informed, balanced, and so forth he would not have waived his *Miranda* rights, but whether the police believed he understood their explanation of those rights; more precisely, whether a reasonable state court judge could have found that the police believed this.

*Rice v. Cooper*, 148 F.3d 747, 750-51 (7th Cir. 1998), *citing Colorado v. Connelly*, 479 U.S. 157, 161-62 (1984).

Given this law, the Magistrate Judge finds that the Second District's conclusion that Kennedy's confession was voluntary is not a decision based on an unreasonable determination of the facts in light of the evidence and is neither contrary to nor an objectively unreasonable application of relevant United States Supreme Court precedent. The First Ground for Relief should therefore be dismissed.

**Ground Two:  Failure to Allow Withdrawal of Plea**

In his Second Ground for Relief, Kennedy argues it was an abuse of discretion for the trial judge not to permit him to withdraw his no contest plea after a change of counsel but before sentencing.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Under Ohio law, the appellate courts review denial of a request to withdraw a guilty or no contest plea for abuse of discretion. In exercising that discretion, trial courts are to weigh nine factors. *State v. Kennedy*, 2013-Ohio-4243, at ¶ 36, *citing State v. Cuthbertson*, 139 Ohio App. 3d 895 (7th Dist. 2000). Based on the trial court's consideration of the nine factors, the Second District found the trial judge had not abused his or her discretion and overruled Kennedy's relevant Second Assignment of Error. However, abuse of discretion is not a violation of the United States Constitution, so this Court cannot review the merits of that decision. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). In other words, Kennedy's Second Ground for Relief is not cognizable in habeas corpus and should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).