# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATRICK L. KENNEDY,

        Petitioner, : Case No. 3:14-cv-115

  - vs -                        District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,
Lebanon Correctional Institution,
                                :
        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Patrick L. Kennedy under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 3), recommending that the Petition be dismissed with prejudice. District Judge Rose has recommitted the Report for reconsideration in light of the Objections (Recommittal Order, Doc. No. 7).

Petitioner Kennedy seeks release from his life sentences on two counts of rape of a child under ten and concurrent sentences for gross sexual imposition of a child under thirteen.

Kennedy was convicted on his plea of no contest. (Petition, Doc. No. 1, § 6, PageID 1.) He appealed and the conviction was affirmed. *State v. Kennedy*, 2013-Ohio-4243, 2013 Ohio App. LEXIS 4465 (2nd Dist. Sept. 27, 2013). The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Kennedy*, 137 Ohio St. 3d 1477 (2014). This timely habeas corpus Petition followed.

Kennedy pleads the following Grounds for Relief:

> **Ground One:** The Petitioner was given to understand that he might reasonably expect benefits in the nature of more lenient treatment at the hands of the police, prosecution or court in consideration of making a statement, even a truthful one, such motivation is deemed to render the statement involuntary and inadmissible.
>
> **Ground Two:** It appears from the record that before sentencing defense counsel asked for a continuance and ask [sic] to withdraw as counsel. On March 25, 2012, new counsel was appointed to Kennedy. A motion to withdraw plea was then filed by new counsel on April 17, 2012. A presentence motion to withdraw a plea should be freely and liberally granted.

(Petition, Doc. No. 1.)

As to the First Ground for Relief, the Report concluded the Second District Court of Appeals decision as to Kennedy's motion to suppress was neither contrary to nor an objectively unreasonable application of the relevant clearly established United States Supreme Court precedent and thus was entitled to deference from this Court under 28 U.S.C. § 2254(d)(Report, Doc. No. 3, PageID 20). As to the Second Ground for Relief , the Report concluded that it did not state a constitutional claim on which relief could be granted in habeas corpus. *Id.* at 21.

Kennedy does not object to the dismissal of the Second Ground for Relief. His objections as to the First Ground are:

> 1) Petitioner was detained in violation of his 4th Amend. Rights when he was picked up at the hospital and held in the police cruiser, while being handcuffed and unable to leave for about 2 and a half [hours], before he was transported to the police station, nor was he notified that he was under arrest. See Page 73 lines 9-13
>
> 2) The Petitioner was coerces [sic] while he was in Police Custody, and pressured into making self-incriminating statements against himself.

(Objections, Doc. No. 5, PageID 27.)

The opinion of the Second District Court of Appeals confirms some of the facts on which Kennedy relies. He was at Children's Medical Center with a nine-year old child, "J," and J's mother at about 6:00 p.m. when Dayton police Officer Garrison arrived and detained him in handcuffs in the rear seat of a police cruiser. He was not formally placed under arrest until about 8:30 p.m. Apparently police officers used the time between 6:00 and 8:30 to investigate the extent of the allegations against Kennedy and uncovered abuse of J "several times over the past couple of years" and abuse of one of J's cousins whom Kennedy also babysat. *State v. Kennedy, supra*, ¶¶ 2-5.

Kennedy claims this detention was in violation of his Fourth Amendment rights. However, at the time he was detained, the police had probable cause to believe he had committed a serious felony, child sexual abuse. There is no Fourth Amendment violation in that detention, which is legally equivalent to an arrest for Fourth Amendment purposes. The detention in the cruiser is not the legal equivalent of a "stop and frisk" under *Terry v. Ohio*, 392 U.S. 1 (1968). It was a much more intrusive police intrusion on Kennedy which had to be supported by probable cause to arrest, but it was thus supported.

Kennedy does not claim that he made any statements during the time he spent in the police cruiser and before he was transported. The statements which he made and which were used against him occurred at the police station in an interview room after 8:30 p.m. Kennedy claims at that point he was coerced into making self-incriminating statements. Judge Wellbaum for the court of appeals reviewed the evidence from the motion to suppress hearing and found that Kennedy understood his Miranda rights, was a college student, was not under the influence of alcohol or drugs, and made both a verbal and written confession to "repeated oral sexual acts upon "J" and her cousin "P" over the course of about a year." *State v. Kennedy, supra*, ¶ 8.

Kennedy claims the police lied to him and told him they had five witnesses who were all saying the same thing. He asserts this was a lie because he claims they had "only talked to one victim" at the time (Objections, Doc. No. 5, PageID 28). But Judge Wellbaum recounts that, by the time Kennedy was transported, they had evidence from five witnesses, J and J's mother, P and P's mother, and social worker Monica Ascar. *State v. Kennedy, supra*, ¶¶ 3-4. Judge Wellbaum's opinion shows that Kennedy was not coerced by being lied to.

Kennedy relies on Salinas v. Texas, 133 S. Ct. 2174 (2013), that a criminal defendant's failure to invoke his privilege against self-incrimination is to be excused when government coercion makes his forfeiture of the privilege involuntary (Objections, Doc. No. 5, PageID 28). What Salinas actually holds is that the Fifth Amendment privilege is not self-executing and a witness who desires the protection of the privilege must invoke his rights, which Kennedy waived.

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

June 19, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).